JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com

Attorneys for Plaintiff JUAN ANGEL LOPEZ,
Individually and on behalf of all others similarly situated.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANGEL LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S E PIPE LINE CONSTRUCTION COMPANY, a California Corporation and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO.: **'23CV1605 BEN KSC**<br><br>**CLASS ACTION COMPLAINT PURSUANT TO Fed.R.Civ.P 23, et. seq.:**<br>1. **Failure to Pay Minimum Wages as Required by Labor Code § 1194**<br>2. **Failure to Pay Wages Including Overtime and Minimum Wages ("FLSA")**<br>3. **Failure to Pay Timely Wages Required by Labor Code § 203**<br>4. **Failure to Timely Pay Wages During Employment Required by Labor Code § 204**<br>5. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>6. **Violation of Business & Professions Code § 17200, et seq.**<br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff JUAN ANGEL LOPEZ ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendant S E PIPE LINE CONSTRUCTION COMPANY a California Corporation and DOES 1-50, inclusive ("Defendant") and alleges on information and belief as follows:

## I. JURISDICTION AND VENUE

1.  The United States District Court for the Southern District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2.  This Court has personal jurisdiction over the Defendant because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3.  Venue is proper in the Southern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the San Diego County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Redwood City and elsewhere in California. Defendants employ numerous Class Members throughout California. Defendants are corporations.

4.  Defendants are corporations engaged in the distribution and delivery of construction materials and are doing business in the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California. The unlawful acts alleged herein have had a

direct effect on Plaintiff, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5. Plaintiff, on behalf of themselves and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendant for their failure to pay to Plaintiff and Class Members all of their wages, including overtime and premium wages.

6. Plaintiff, on behalf of himself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor and Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA")

## II. PARTIES

7. Plaintiff, JUAN ANGEL LOPEZ, was at all times relevant to this action, a resident of California. Plaintiff was employed by Defendant in March 2021 as a Non-Exempt Employee with the title of Welder Helper and worked during the liability period for Defendant, at Defendant's Poway, CA location until Plaintiff's separation from Defendant's employ in approximately April 22, 2022. Plaintiff's duties included but were not limited to helping with pipeline work.

8. Defendant S E PIPE LINE CONSTRUCTION COMPANY is a California Corporation that operates as a construction business. Plaintiff estimates there are in excess of one hundred (100) Non-Exempt Employees who work or have worked for Defendant over the last four years.

9. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendant sued as DOES 1 through 50, but are informed and believe and thereon allege that said Defendant are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendant by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each

defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

## III. CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action, and thus seeks class certification under Fed. R. Civ. P. Rule 23(a)(1)(-(4) and 23(b)(3):

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members"). Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

12. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who were not provided paid overtime and minimum wages by Defendant (hereinafter collectively referred to as the "Overtime Subclass").
>
> **Sub-Class 2:** All Class Members who have been employed by Defendant at any time between August 2020 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")
>
> **Sub-Class 3:** All Class Members who did not receive reimbursement for necessary business expenses from Defendant. (hereinafter collectively referred to as the "Business Reimbursement Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendant and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

13. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

14. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

15. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendant is required to keep.

16. <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

17. <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

   i. Whether Defendant failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

   ii. Whether Defendant failed to accurately pay overtime to Plaintiff and Class Members;

   iii. Whether Defendant failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

   iv. Whether Plaintiff and Class Members were not paid timely upon separation from their employ with Defendant, pursuant to Labor Code section 203;

    v.    Whether Plaintiff and the Class Members are entitled to retroactive pay for unpaid wages;

    vi.    Whether Plaintiff and Class Members were not paid timely during employment, pursuant to Labor Code section 204;

    vii.    Whether Defendant violated Business and Professions Code and Labor Code §§ 201-204, 432, 226(b), 558, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 1198.5, 1785, 1786, 2802, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

    viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.;*

    ix.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

18.    <u>Typicality</u>. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

19.    <u>Adequacy</u>. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass

are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendant may also serve as representatives of the Class and Subclass if needed.

20. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

21. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

23. Plaintiff further bring this suit as a Collective Action under the Fair

Labor and Standards Act, 29 U.S.C. § 201, *et. seq.*, ("FLSA") on behalf of a **Collective Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

> All hourly-paid, non-exempt employees, in the State of California from August 2019 to the present who both (a) have at least one Workweek for which they were paid for 40 or more hours, as reflected in S E Pipeline's payroll records, during the time period between August 2019 and through the present, and (b) opt in to the proposed FLSA collective action by consenting to join.

24. Plaintiff alleges that during the Relevant Time Period, she is and was:
    a. An individual who resides in the County of Fresno and the State of California;
    b. Employed as a Welder Helper for Defendant in the State of California, within the three years preceding the filing of the complaint here;
    c. Worked more than 40 hours in a given week;
    d. Did not receive overtime and minimum wage compensation for all hours worked over 40 hours in any given week;
    e. Is a member of the Collective Class as defined in paragraph 26 in this Complaint; and
    f. Plaintiff has consented to join the action.

25. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the Collective Class overtime premiums for all hours worked in excess of 40 hours per workweek.

26. Defendant failed to properly maintain timekeeping and payroll records pertaining to the Collective Class under the FLSA, 29 U.S.C. 211(c).

27. Defendant's unlawful conduct was widespread, repeated, and consistent.

## IV. FACTUAL ALLEGATIONS

28. At all times set forth herein, Defendant employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

29. Plaintiff is informed and believes Class Members have at all times

pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

30. Defendant continues to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the job duties related to Defendant's construction business.

31. Plaintiff is informed and believe, and thereon allege, that Defendant are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

32. Plaintiff is informed and believe that during the relevant time-frame, all Class Members are citizens of the state of California.

33. During the relevant time-frame, Defendant compensated Plaintiff and Class Members based upon an hourly rate.

34. Defendant knowingly and intentionally shaved time worked by Plaintiff and Class Members.

35. Defendant failed to compensate Plaintiff and Class Members for overtime hours spent performing tasks for Defendant before and after Plaintiff and Class Members clocked in. Plaintiff and Class Members were required to perform pre-shift activities, i.e. off the clock, such as donning and doffing boots, filling out Daily Activity Logs, and a hard hat and attending safety meetings. Post-shift activities performed off the clock consisted of filling out Daily Activity Logs.

36. Defendant failed to reimburse Plaintiff and Class Members for personal cell phone use. Personal cell phones were used for work related purposes.

37. Defendant also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above-specified violations. In addition, upon information and belief, Defendant omitted an accurate itemization of total hours worked, including premiums due and owing for overtime

pay, gross pay and net pay figures from Plaintiff and the Class Members' wage statements.

38. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204.

40. During the relevant time period, Defendant failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

41. Defendant failed to produce Personnel and or a Payroll file for Plaintiff upon Plaintiff's request. This failure to produce such documents violates Labor Code sections 1198.5, 432 and 226(b).

42. Upon information and belief, Defendant knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

    (a) Failing to pay minimum wages under California state law;

    (b) failing to pay overtime and minimum wages under the FLSA;

    (c) failing to timely pay Plaintiff and Class Members upon separation from Defendant's employment;

    (d) failure to timely pay Plaintiff and Class Members during their

employment;

  (e) failure to reimburse necessary business expenses; and

  (f) conducting and engaging in unfair business practices.

43. In addition to the violations above, and on information and belief, Defendant knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

44. Plaintiff and Class Members they seek to represent are covered by, and Defendant are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY MINMUM WAGES
### (Against All Defendants)

45. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

46. At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

47. At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees,

and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged..

48. At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

49. On information and belief and based on that information and belief, Defendant failed to pay Plaintiff and the Class minimum wages for post-shift and pre-shift hours worked performing duties for Defendant.

50. While Plaintiff and the Class performed the work as described herein, Defendants policies and practices failed to pay wages for all hours worked, as required pursuant to Labor Code §§ 200, 1194, 1197, 1198, 1198.5.

51. Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Labor Code §§ 1194, 1197 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2.

## SECOND CAUSE OF ACTION
## PURSUANT TO FAILURE TO PAY OVERTIME AND MINIMUM WAGES UNDER THE FAIR LABOR STANDARD ACT ("FLSA")
### (Against All Defendants)

52. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

53. Defendant is business in the construction industry with over two

employees and has an annual gross sales volume of $500,000 or more, making Defendant subject to the FLSA.

54. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

55. Plaintiff and the Class Members, by virtue of their job duties and activities performed, are non-exempt employees.

56. Defendant is not a "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2) of the FLSA.

57. At all times relevant to this action, Plaintiff and the Class Members were suffered to work in excess of 40 hours per week without premium pay for the same violation of 29 U.S.C. §§ 206 *et. seq.*

58. As a result, Plaintiff and the Class Members must be paid the federally mandated rate of 150% of each employee's regularly hour wages for work weeks of 40 hours or more. 29 U.S.C. § 207.

59. Defendant's violations of the FLSA were knowing and willful. Defendant could have easily accounted for and properly compensated Plaintiff and the Class Members but have failed to do so.

60. Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Class Members, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## THIRD CAUSE OF ACTION
## FAILURE TO TIMELY PAY WAGES UPON SEPARATION
### (Against All Defendant)

61. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

62. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon

discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

63. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

64. During the relevant time period, Defendant willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ. These wages include regular and overtime.

65. As a result, Defendant are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PAY TIMELY PAY WAGES DURING EMPLOYMENT
(Against All Defendant)

66. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

67. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

68. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

69. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

70. During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

71. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## FIFTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

## (Against All Defendant)

72. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

73. Labor Code § 2802 requires Defendant to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendant for expenses related to all expenses incurred as a result of their personal cellphone usage and personal funds usage as described above, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these realities of the job, Defendant failed to provide reimbursements.

74. Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or

any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

75. As a result of the unlawful acts of Defendant, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.

### (Against All Defendant)

76. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

77. Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

78. Defendant's policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

79. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendant's policy of failing to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, , failing to provide accurate itemized wage statements, violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

80. Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the

loss of money and/or property.

81. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;
2. For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;
3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;
4. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For general damages as measured by unpaid wages; liquidated damages, an equal amount to the unpaid wages under federal law, including, inter alia, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, inter alia, 29 U.S.C. § 216 et. seq.; and

2. For such other and further relief as the Court deems proper.

3. For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

1. For statutory penalties pursuant to Labor Code §204;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

1. That Defendant, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, and failing to reimburse expenses as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: August 31, 2023                    JAMES HAWKINS APLC

By: /s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.

Attorneys for Plaintiff JUAN ANGEL LOPEZ individually and on behalf of all others similarly situated.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Southern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: August 31, 2023

By: /s/ Gregory Mauro
GREGORY MAURO, ESQ.